IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEREMIAH R. MCCOWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-02632-JAR-KGG |
| | ) | |
| EARP MEAT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Jeremiah McCowan's Motion to Remand

(Doc. 6).  The matter is fully briefed and the Court is prepared to rule.  For the reasons explained

in detail below, the Court grants Plaintiff's motion to remand the case to the Twenty-Ninth

Judicial District in Wyandotte County, Kansas, but the Court does not award Plaintiff any

associated fees and costs.

**I.      Background**

Defendant Earp Meat Company employed Plaintiff as a delivery driver.[1]  In March 2014,

Plaintiff injured his left shoulder in the course of his employment.[2]  He sought and received

workers' compensation benefits, including temporary total disability and medical treatment.[3]

 Plaintiff filed his petition in the District Court of Wyandotte County, Kansas, alleging

wrongful termination in retaliation for filing for benefits under the Kansas Workers'

---

[1]Doc. 1, Ex. A at . ¶¶ 3–4.

[2]*Id.*

[3]*Id.* at . ¶ 5.

Compensation Act ("KWCA").[4]  Defendant did not reply within twenty-one days, and Plaintiff filed a motion for default judgment on February 27, 2015.[5]

Defendant removed this case to this Court based on federal question jurisdiction on the grounds that Plaintiff was also seeking relief under the Family Medical Leave Act ("FMLA").[6] Plaintiff seeks remand and associated fees and costs, arguing that this Court lacks removal jurisdiction based on 28 U.S.C. § 1331.[7]

## II.   Discussion

### A.   *Jurisdiction*

Plaintiff's Motion to Remand turns on whether the Petition contains a claim for which this Court has original jurisdiction.  The applicable statute allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[8]  There is no diversity jurisdiction because Plaintiff and Defendant are both Kansas citizens, so original jurisdiction rests upon federal question jurisdiction.[9]

To have a federal question, a claim must arise under the Constitution, laws, or treaties of the United States.[10]  A case "arises under" federal law if its well-pleaded compliant establishes that either 1) federal law creates the cause of action asserted or 2) the plaintiff's right to relief

---

[4]*Id.* at  at . ¶ 22.

[5]*Id.* at 10.

[6]Doc. 1 at 1.

[7]Doc. 7 at 4.

[8]28 U.S.C. § 1441(a).

[9]Doc. 1, Ex. A at . ¶¶ 1–2.

[10]28 U.S.C. § 1331.

necessarily depends on resolution of a substantial question of federal law.[11]   There is a presumption against finding federal jurisdiction, and the burden of proving jurisdiction lies with the party asserting it exists.[12]

Plaintiff's retaliatory discharge claim stems from Kansas common law.[13]   In Kansas, to establish a claim for retaliatory discharge based on filing a claim under the KWCA, a plaintiff is required to prove that she filed a claim for workers' compensation or sustained an injury for which a claim for workers' compensation may arise, that the employer had knowledge of her claim or injury, that the employer terminated her, and that there is a causal connection between her claim or injury and her termination.[14]   Thus state law, rather than federal law, creates this cause of action.

But even where state law creates the cause of action, if Plaintiff's relief depends on the resolution of a substantial question of federal law, then federal jurisdiction still lies.[15]   The Supreme Court clarified that federal jurisdiction over a state law claim will lie if a federal issue is:  "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[16]   Here,

---

[11]*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).

[12]*Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012).

[13]*See Murphy v. City of Topeka, Shawnee Cnty. Dept. of Labor Servs.*, 630 P.2d 186, 192 (Kan. Ct. App. 1981) (holding that a claim for retaliatory discharge based on an employees's filing of a workers' compensation claim is a viable cause of action).

[14]*See Rebarchek v. Farmers Co-op. Elevator & Mercantile Ass'n*, 35 P.3d 892, 898–99 (Kan. 2001).

[15]*Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).

[16]*Gunn*, 133 S. Ct. at 1064 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) ("To invoke this so-called 'substantial question' branch of federal question jurisdiction, a [party] must show [the

Defendant does not raise or dispute a federal issue, therefore the "substantial question" arm of federal-question jurisdiction does not lie over this state claim.

Defendant argues that the Petition, in addition to the KWCA retaliation claim, also alleges facts supporting a FMLA retaliation claim, a federal cause of action.[17]  The well-pleaded complaint rule makes plaintiff the master of his claim by allowing him to elect either federal or state court based on how the complaint is drafted.[18]  Plaintiff may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, but can avoid federal jurisdiction by exclusive reliance on state law.[19]

Plaintiff's Complaint includes only the KWCA retaliation claim. Although Plaintiff's Complaint alleges that he was informed by Defendant that he had exhausted his FMLA leave, he does not allege that he requested FMLA leave or that is termination was a result of retaliation against him for exercising his rights under the FMLA, nor does he seek relief under the FMLA.[20] For reasons explained above, the claim relies exclusively on state law and has no federal issues. Therefore, the Court concludes that Plaintiff has properly elected state court for this action.

In sum, federal law does not create Plaintiff's cause of action, nor does his claim rely on a substantial question of federal law.  Plaintiff relied exclusively on state law without omitting essential federal issues. Thus, the Court concludes Plaintiff's retaliation claim does not "arise under" federal law, and the Court does not have original jurisdiction.  Accordingly, the Court

---

four *Gunn* factors].").

[17]Doc. 9 at 3.

[18]*Firstenberg v. City of Sante Fe, N. M.*, 696 F.3d 1018, 1023 (10th Cir. 2012).

[19]*Id.*

[20]Doc. 1, Ex. A at . ¶¶ 9–12.

grants Plaintiff's motion to remand.

**B.     *Attorney Fees***

Plaintiff seeks attorney's fees and associated costs incurred as a result of the improper

removal.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of

just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The Supreme Court explained,

> Absent unusual circumstances, courts may award attorney's fees
> under § 1447(c) only where the moving party lacked an objectively
> reasonable basis for seeking removal.  Conversely, when an
> objectively reasonable basis exists, fees should be denied.  In
> applying this rule, district court retain discretion to consider
> whether unusual circumstances warrant a departure from the rule
> in a given case.  For instance, a plaintiff's delay in seeking remand
> or failure to disclose facts necessary to determine jurisdiction may
> affect the decision to award attorney's fees.  When a court
> exercises its discretion in this manner, however, its reasons for
> departing from the general rule should be "faithful to the purposes"
> of awarding fees under § 1447(c).[21]

Here, Defendant argues that even if removal was improper, the Petition's ambiguity

provided a reasonable basis for  removal.[22]  Defendant argues that the Petition lacks any specific

counts; includes extensive reference to the FMLA; and alleges all of the elements necessary to

assert a claim for retaliation under the FMLA.[23] After reviewing the Petition, this Court finds

that Defendant had an objectively reasonable basis to remove this action to federal court.

To be sure, even though this Court finds Defendant had a reasonable basis for removal,

this Court may nevertheless depart from the general rule of objective reasonableness to be

---

[21]*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

[22]Doc. 9 at 4.

[23]*Id.* at 3–4.

5

faithful to the purposes of awarding fees.[24]  One such purpose is to deter removal sought for the purpose of prolonging litigation.[25]  Defendant removed this claim on the same day as the Plaintiff moved for default judgment for failure to answer.  Plaintiff argues that this Court should consider the sequence of filings, conclude that removal was to prolong litigation by avoiding default judgment, depart from the general rule of objective reasonableness, and award costs.

However, the Court should not undermine Defendant's right to remove as a general matter, when the statutory criteria is satisfied.[26]  Defendant removed the claim within the allotted period under federal statute,[27] and the motion for default judgment would ostensibly remain pending before this Court in the event it denied the request to remand.  The Court finds that the basis for removal was reasonable, and does not find any unusual circumstances present that would warrant a departure from the general rule.  Thus, the Court declines Plaintiff's request to impose fees and costs associated with this motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand (Doc. 6) is GRANTED and Plaintiff's request for attorney fees and costs is DENIED; the Clerk is directed to remand the case to the Twenty-Ninth Judicial District in Wyandotte County, Kansas.

**IT IS SO ORDERED.**

---

[24]*Martin*, 546 U.S. at 141.

[25]*Id.*

[26]*Id.* at 140.

[27]§ 1446(b).

Dated: July 20, 2015

 S/ Julie A. Robinson                
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE